Good morning, Your Honors. May it please the Court. My name is Leah Jones, and I represent the Plaintiff Appellant and a putative class of non-exempt hourly paid call center employees of the defendant Capital One. I would like to reserve about four minutes of my time for rebuttal argument. This appeal boils down to the question of whether plaintiff has met the pleading standards as set forth by Landers v. Quality Communications. If she has, then the district court impermissibly turned Capital One's motion to dismiss into a motion for summary judgment by looking outside of the complaint to make factual determinations without the benefit of any discovery whatsoever. If she has not met the pleading standards, then she must be allowed to amend the complaint. Either way, the district court should be reversed and this case remanded back to the district court. There are four thematic errors made by the district court. First, the procedural error whereby the district court looked outside of the complaint to untested documents provided by defendant in its opposition to plaintiff's motion for circulation of notice pursuant to Section 216B of the Federal Fair Labor Standards Act, an opposition that was actually filed 65 days after the motion to dismiss was fully briefed. Second, the district court sua sponte dismissed the Nevada state law wage claims for all hours worked, overtime, and the derivative penalties by ignoring the unanimous decision by the Nevada Supreme Court in the Neville v. 8th Judicial District Court holding, whereby the court confirmed that employee plaintiffs in the state of Nevada do have a private right of action to bring statutory wage claims. Third, notwithstanding the district court's impermissional fact finding, the district court also incorrectly applies both federal and state wage and hour laws to plaintiff's overtime claims. Specific to the FLSA claims, the district court incorrectly applies a gap time theory to plaintiff's FLSA overtime claims, even though the plaintiff clearly alleges that the off-the-clock work that she completed, approximately 30 minutes per shift, was in addition to the 40 hours a week she was scheduled for and did indeed work. This is not a gap time issue because the time alleged is over 40 hours in a week. All the time alleged that was unpaid is on top of the 40 hours. Likewise, the district court applied a gap time argument to plaintiff's Nevada constitutional minimum wage claims. Nevada specifically allows for each hour the employee works and expressly prohibits using a work week method for calculating minimum wages, let alone overtime wages. Counsel, let me ask you this. Whether the minimum wage amendment is based on each annual hour worked or an average over the whole work week seems to be a matter of first impression. Do you agree with that? I don't think so, Your Honor, because the Nevada revised statutes are very clear in what constitutes regular rate pay and overtime pay. For instance, NRS 608.016 says every employee shall be paid for each hour worked, including time outside the regular schedule. Nevada Administrative Code 608.115 says regardless of the rate of pay, an employer shall pay an employee for all the time worked by the employee at the direction of the employer, including time worked by the employee. That is outside the scheduled time. If the employer pays the employee only in a manner other than an hourly wage rate, then the employer has to pay the employee the minimum wage. So what that means is the Nevada Administrative Code and the Nevada legislative intent is to make sure that hourly paid people are paid their hourly wage for every wage they worked. And that doesn't limit it to just a minimum wage, which in Nevada it's $7.25 or $8.25 depending on the two-tiered system. If you're paid by a piece rate or a salary or some other rate, then what that means is that, yes, you do have to pay the minimum wage. But if you're an hourly paid worker, then it doesn't matter if it's $7.25 or $18.38, which is the case in this case. So from your perspective, this is not an unclear question, nothing to certify. What was your thinking in pleading based upon information and belief in this case? Certainly. At this point, there has been no discovery. And under both Nevada law and also under the Ninth Circuit law, pleading under information and belief is not prohibited. In fact, pleading under information and belief is allowed as part of a normal pleading standard. For instance, Nevada is a pleading statute, and so you just have to make sure that the defendant has knowledge or has facts sufficient to allow them to defend against the claim. Defendant has obviously been able to discern what is going on in the complaint because they filed a motion to dismiss. There is no actual authority that defendant has cited to that prevents an information and belief pleading at this stage. Perhaps if at a further stage of the pleadings, as we argue in our briefs, that if the court had turned this into a Rule 56 motion for summary judgment and discovery had commenced, then information and belief would not stand up to muster. However, this is just a pleading standard, a motion to dismiss on the complaint. Finally, and to also answer your question, Your Honor, regarding if there is any case law specific to the Nevada law not following the FLSA as far as the overtime cases go. In Amazon Fulfillment Center, a Sixth Circuit case, which is cited at 905-F3D-387, the en banc hearing was denied in November of 2018. The Sixth Circuit on a multi-district litigation case held that Nevada law did not follow the FLSA as far as allegations that were sufficient to support an unpaid wage claim, that Nevada looks to the statutory scheme as a whole, and that the court looked to the legislative tent to find that the FLSA is not followed in every instance, as cited by Terry v. Sapphire, and again cited back to that same administrative code section, NAC 608.155. Finally, the district court erroneously dismissed the statutory wage claims because the district court misapplied the at-will employment doctrine in dismissing plaintiff's contract claims. These employees are not volunteers. They obviously applied for a job with Capital One. Capital One gave them the job. They gave Capital One call center services in exchange for payment of an agreed-upon rate of wage at $18.38. Capital One now refuses, prospectively, to pay for them for that work that they've already completed. So based on our argument, notwithstanding the issues of law that the district court was incorrect on, the court should have procedurally either turned this motion into a motion for summary judgment and allowed discovery to continue so that the court could look at both sides of the facts, or it should have given plaintiff leave to amend her complaint to fix any pleading deficiencies that it noted. First and foremost, under Landers, which is the standard in this district, you have to plead three things. You have to plead that you worked 40 hours in a week. You have to plead that you worked over 40 hours in a week and that you were either not paid for that time or you were not paid for the minimum wage. In the excerpts of record, Volume 2 at 184, Plaintiff's Complaint, clearly at Section 9 says that plaintiffs were scheduled for and they did work 40 hours in a week. At Section 12, the last week that the employee believed she worked was in April, and she worked 30 minutes of off-the-clock time. Each and every shift worked, which is 2.5 hours of time. At Section 10 and 12, that 30 minutes of time is computed out as an average, as required, and that she was paid less than the minimum wage, meaning she was paid no money for that time. Let me ask you this, at least what appeared to me to be a bit of a discrepancy in the pleading. The plaintiff in this case said she was scheduled to work from 8 a.m. to 6 p.m., which is a 10-hour period. Yet the complaint also alleges that she was scheduled for 8-hour shifts with two 15-minute breaks and one 30-minute lunch break. How do you explain the discrepancy? You're correct, Your Honor, and the discrepancy is a copyediting error with omission of the word between. She was scheduled between 8 and 6. So, yes, you're very correct, and that was our mistake. So, specifically, in order to pass the plausibility stage of a complaint, the court has stated that when affidavits or other documents beyond the pleadings are submitted by the moving party that are not excluded by the district court, as was the case here, the court should transpose the motion from a 12B6 motion into a motion for summary judgment. We believe that based on the pleadings in the complaint, we have passed that plausibility standard. We have given defendant notice of what they're being sued for, and I see that I'm just about at three and a half minutes, so I would like to reserve the rest of my time. All right. Thank you again. Good morning, Your Honors. May it please the Court, my name is Suzanne Martin. I represent Apelli Capital One Services II, LLC. Thank you for the opportunity to present our case to you today. The question at issue here is the plausibility of the appellant's claims. As the Court knows, this is a putative class action case in which the appellant alleges that she and a class of employees, and I'm quoting from the complaint, were subject to illegal, unlawful, and unfair policies of Capital One that required her and the class to perform the alleged off-the-clock work. This is in paragraphs 7 through 15, and also specifically in paragraphs 19, 20B, and 20E of the first amended complaint. She alleges uninformation and belief that during the week of April 3rd through 7, she worked more than 40 hours and was not paid for the alleged off-the-clock work. As the courts noted, or as the Court inquired, what was the rationale behind pleading on information and belief with respect to these allegations? Appellant's counsel contends that on information and belief is acceptable in this jurisdiction, yet the cases she relies upon in their briefing include prisoner rights cases under Section 1983. And the Ninth Circuit has held that it's only in those cases, effectively, that on information and belief claims are appropriate. There's only one district court case that they identify as approving of uninformation and belief allegations, but there is no explanation or analysis done by the court in that decision, New England Life Insurance Company, about why uninformation and belief pleadings are acceptable, and furthermore, it's not an FLSA case. The district court, in its order, analyzed the allegations applying the standards set forth in Twombly v. Iqbal, and I think it's important for a moment that we look at Twombly. Twombly was also a putative class action case. The edict there was that the district court must retain some power to insist on specificity in the pleadings before allowing maximum discovery to proceed. Counsel, let's say you're right about Twombly and the specificity. This plaintiff was given no opportunity to amend the complaint. That's highly unusual, isn't it? Not when the court has the record before it, Your Honor. That's the problem. Well, that may be the problem, but it's also the solution. Because, again, if you look at the complaint, and specifically paragraphs 20B and E, therein plaintiff alleges that because of Capital One's policies, procedures, and plans, which she describes as illegal, unlawful, and unfair, that's how she describes the policies. She says those policies are responsible for the off-the-clock work. Not any one person. Not that there was subversion within Capital One to disregard the existing policies. You may be right ultimately, but we're talking about a complaint. It's not a motion for summary judgment. I know the court converted it, but the reality is it looked like the court just took all these data, all this other information that would normally not be part of a response to a pleading, meaning a complaint, unless there was a specific reference to it in the complaint where it was attached. And in this case, it seems to me the court just wholesale did its own discovery and ruled based upon what the court had done. It was sua sponte. Isn't that correct? Well, I have two answers for that, Your Honor. One, take a look at Iqbal. In Iqbal, the Supreme Court downloaded the Inspector General's report from the Department of Justice about September 11th detainees. It did its own research. And it did its own research because in Iqbal it said that you have to engage in a context-specific inquiry. Right, but you know what that report is? That's a report that's subject to judicial notice. Whereas the materials that were attached to the circulation, notice of circulation, whatever it was here, are not subject to judicial notice. That is correct. But the doctrine of incorporation by reference allows both documents to come in through judicial notice or because they're incorporated specifically. The plaintiff did not incorporate those documents by reference. Well, of course she did, Your Honor. Look at paragraphs 20B. No, no. She did not incorporate the documents by reference. She referred to the documents but did not incorporate them. She did not attach them to her complaint. Well, yes, but the documents don't have to be attached to the complaint. We know in Martyr, which is a decision from this circuit, that where the pleadings refer to documents but do not attach them and where the claims rely on them and no one questions the authenticity of those documents, that the court can look at those documents in analyzing a Rule 12B motion without converting it to a Rule 56 motion. I'd also note, and the judge's order points this out as well, that in plaintiff's reply in support of her motion to circulate notice, she had the opportunity to object to Capital I's policies and procedures. She didn't do that. She had the opportunity to further clarify any of her pleadings, and she didn't do that. And to address your point, Your Honor, about why it is that leave to amend would be futile, it would be futile in this case because if plaintiff continues to maintain that she was forced to perform off-the-clock work per Capital I's illegal, unlawful, and unfair policies, we know that on their face those documents, which are now part of the court record, are not illegal and unlawful. And continuing to plead in that fashion would subject her to Rule 11 sanctions. With respect, counsel, I've seen a lot of cases, and this one just seems like the judge likes to do discovery and just went out there and grabbed these documents and threw them in there and said, Look, I look at these documents, and when I do that, I'm going to decide the case. That's not the way the system works. And, you know, Iqbal probably, all that, that's all great. But the question here is, based upon the complaint, was there a plausible claim made? She may ultimately fail because of the very documents that the court ultimately looked at, but the court went right to them. You didn't ask them to do it. She didn't ask them to do it. The court just did it. And I don't see how that's justifiable under our case law. I believe it's justifiable given the specific allegations contained in the complaint. And, again, I would ask the court to review the allegations set forth in paragraphs 19 and 20 of the first amended complaint. All of her claims not only turn on the operation of these policies, which she said forced the off-the-clock work, she's also alleging there was an employment agreement, which she doesn't attach. Okay. There may be a 12B6 issue that she doesn't attach it, but that's far different than the court going into the records and saying, well, look, I've looked at all these documents from Capital One, and I don't agree with the complaint, and so I'm going to lay out why I disagree with these allegations and decide the case accordingly. Is it the wrong stage of the proceeding? Is it not? I don't think it's at the wrong stage of the pleading when the court has before it the policies at issue in the complaint, which the complainant says forced the off-the-clock work. But, for example, counsel, I mean, we get lots of complaints dealing with so-called Monell liability, where people claim that officers are carrying out a studied policy of a county or a city to do X or Y, and that that's what's brought about these constitutional damages. Well, the district court doesn't say, well, before I rule on this, I'm going to do a little discovery over at the county courthouse and see if I can find any documents that would show a pattern of practice. That's what you have discovery for. That's what you then have parties bring it in, let the court decide at that point, or take it to a jury or other fact finder. But here, the fact that the judge looked at the allegations and may or may not have agreed with them, it's just a complaint, and you deny it and say it's not true. Then you go into discovery. Then you go into summary judgment. But it looks like the court jumped the gun as far as I'm concerned. I would take issue, Your Honor, with your description of a pattern or practice, because, again, that's not what's alleged here. This is a policy-driven and agreement-driven complaint. And if this were a business case, we wouldn't be having this argument. If it were a business-to-business case or a straight-up contract case, nobody would bat an eye about the fact that the underlying document, the documents that establish the contract, the terms of the contract, are taken into consideration under Rule 12b motion. To answer your other question, Your Honor, denying leave to amend and why that was appropriate here, if plaintiff is to amend her complaint, her only option, given the record before the Court, is to amend the complaint in such a way that she specifically alleges, notwithstanding Capital I's policies and procedures and, frankly, her training, that she nevertheless performed off-the-clock work. We know in Forrester that when an employee secrets away their overtime hours from the employer and doesn't give them an opportunity to receive notice that they were being suffered and permitted to work, therefore depriving the employer of the opportunity to compensate them, no such claim exists. Well, then you've got a 12b-6 motion. That's different. It would be a 12b-6 motion that, as a matter of law, would be granted, which is why amendment would be futile here. I don't think we've ever held that Forrester is a pleading standard. I'm sorry, Your Honor? I don't think we've ever held that Forrester is a pleading standard. I mean, it's a substantive matter of law, and perhaps if plaintiff has not alleged that satisfactorily and this judge maybe thinks she should, that would be a reason to grant her leave for amendment. Certainly, the named plaintiff would be able to allege that one way or the other. But what then would her options be in an amended complaint? Why don't we leave it up to plaintiff's counsel? Well, she either reiterates her existing claims, which would, again, I submit, be subject to dismissal, or she would have to plead her case in such a way that she would be legally barred from pursuing further relief. I wanted to touch on a question that you raised, Your Honor, with respect to whether or not it's a matter of first impression under the minimum wage amendment about what it means to pay for all hours worked. Appellant takes the position that if you read NRS 608016, which is payment for all hour worked, with its administrative code, its coupling, its interpretive regulation, 608.115, that the language of 608.115 expressly rejects a workweek analysis. She's wrong. And I think you need to take another look. The language of 608.115 does two things. First, it reiterates that, as does NRS 608016, employees have to be paid for all time worked. And it goes on to explain that an employer's obligation is to ensure an employee receives minimum wage for all time worked in a pay period. What's notable about NAC 608.115 is that it mirrors the language of the FLSA, specifically 776.4, which is the workweek standard, and also specifically says and uses the same terms, employees must be paid for all time worked. It goes on to say that any covered work performed in a workweek must be paid in accordance with the wage and hour laws of the FLSA. Those two should and must be read harmoniously together. And Terry v. Sapphire, Gentleman's Club, does not dictate a different outcome, as counsel suggests. To the contrary, the decision in Terry is illuminating. It acknowledges that the Nevada legislature has long relied on the federal minimum wage law to lay a foundation of worker protections, and it is only in situations where the Nevada statutory scheme is materially different from the FLSA that the Nevada Supreme Court will depart from the FLSA in interpreting its own code, which is why, in Terry, the Nevada Supreme Court adopted the economic realities test from the FLSA, because it didn't feel like the definition of employer under the Nevada revised statutes was sufficient to allow it to analyze the issue before it. I wanted to address as well something that Appellant's counsel said. She said that plaintiff has adequately alleged her claims and causes of action. She also argues that plaintiff has not asserted, a gap-time claim. If we were able to ascertain from the face of the complaint that there was no gap-time claim, I'm pretty sure we would not have wasted our time in a motion to dismiss arguing that she's pled a gap-time claim. The fact of the matter is that there are only a handful of allegations, by my count 10 out of 63 in the complaint, that contain factual allegations. Paragraph 9 through 12 are the paragraphs that she uses in an attempt to catapult past or satisfy her pleading obligation under Landers, but she fails. Your Honor was correct in noting that there are internal inconsistencies in paragraph 12. It's not even clear whether she worked a 10-hour schedule or an 8-hour schedule. And I would submit to you that your cause for confusion is the same as our cause for confusion, because if the plaintiff was only scheduled to work 8 hours a day with a 30-minute meal period, and she worked 30 minutes of off-the-clock work, she would only be working a total of 8 hours a day, and she would not be working more than 40 hours a week to trigger an overtime obligation under the FLSA or the Nevada revised statutes, which means that she's pled a gap-time claim. I see I'm down to only 15 seconds, so I'll entertain any further questions the court has at this time. Thank you, counsel. Thank you, Your Honor. If the complaint was confusing in any manner, then the district court should have granted leave to amend the complaint. The district court did not do that. I want to correct a couple things that counsel said. The gap-time claim. Defendant did not make that gap-time claim in their motion to dismiss. The court used that language, the quote-unquote gap time, in their order in their motion to dismiss. That is why plaintiff here is arguing that gap-time issue. Gap time is, for instance, an example, if plaintiff had alleged that she only worked 38 hours per week, plus the 2.5 hours she's alleging she's working off-the-clock, those two hours to get you up to 40 would be the gap time. The .5 after that is actually time that needs to be paid at the employee's regular rate of paid at 1.5 times that rate, according to the FLSA. Let me ask you a question on your reference to the company policies. Are you saying that the company has these policies, but, in fact, how it works on the ground is that your clients are working more hours? Or are you saying these policies, as applied, are the ones that are creating this problem? Your second statement, Your Honor, one defendant says that amendment would be futile. So, for instance, again, if there's confusion in the complaint, that plaintiff should be granted leave to amend. How would plaintiff amend the complaint, hopefully to please the district court? We would add additional paragraph for factual allegations that it was defendant's practice not to pay for off-the-clock work, that it had nothing to do with the written policies. In Cardoza v. Blooming Brands, the court indicated that written policies do not immunize an employer from FLSA violations. It's true that the defendant employer here could have policies. It also can be true that they do not follow those policies in practice. That is the gist of the plaintiff's complaint. The reason I'm questioning that is because maybe you could have made that more clear. And I agree with you, and that would be a great issue on giving leave to amend the complaint to clear that up, to clear up the between that was left out in the complaint. I also wanted to direct the court to there's only three times that plaintiff actually uses the word policy in her complaint. They're both included in legal conclusions based on, as counsel notated in the excerpts of record, beginning at page 84, the complaint says at paragraph 19 that the policies of defendant go to the typicality prong of Federal Rule of Procedure 23 and also the superiority prong, as well in plaintiff's first cause of action, the FLSA overtime claim, section 20, that it's a policy. So those are statements of law. Those aren't statements of fact. So under the incorporation by reference doctrine, plaintiff has not incorporated the documents by reference, as your honors have indicated. One last quick thing is it's interesting that plaintiff or that defendant is arguing that if it was a business case and there was an agreement or a contract of some sort, you'd just look at those terms. However, defendant is arguing that there's no contract claim in this case also. So this court has already said in Evans v. Walmart that there is an underlying employment contract, that that's a red herring issue. So that's another point of law that the court made in improperly dismissing the plaintiff's complaint. All right. Thank you, counsel. You're well over your time. Thank you. Proteus v. Capital One will be submitted. And this session of the court is adjourned for today. All rise.
judges: Siler, Wardlaw, M. Smith